IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jeffrey Michael Charley,<br><br>　　　　Petitioner,<br><br>vs.<br><br>Dora Schriro,<br><br>　　　　Respondent. | No. CV 07-0844-PHX-NVW (ECV)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE NEIL V. WAKE, UNITED STATES DISTRICT JUDGE:

**BACKGROUND**

Pending before the court is a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner Jeffrey Michael Charley. Doc. #1. Pursuant to a plea agreement, Petitioner pled guilty on September 19, 2003, to one count of second degree murder and one count of armed robbery. Doc. #7, Exh. B, C, D. On October 31, 2003, Petitioner was sentenced to 16 years in prison (flat time) for the second degree murder conviction and a concurrent term of 10.5 years in prison for the armed robbery. Doc. #7, Exh. F, G.

On January 27, 2004, Petitioner filed a Notice of Post-Conviction relief under Rule 32 of the Arizona Rules of Criminal Procedure followed by a Petition for Post-Conviction Relief on May 10, 2004. Doc. #7, Exh. H, I. In a Minute Entry filed on September 29, 2004, the trial court summarily dismissed the petition. Doc. #7, Exh. J. Petitioner sought review in the Arizona Court of Appeals but the request was denied in an order filed on August 16,

2005. Doc. #7, Exh. K, L. Petitioner's request for review in the Arizona Supreme Court was denied on January 23, 2006. Doc. #7, Exh. M, N.

Through counsel, Petitioner filed his Petition for Writ of Habeas Corpus in this court on April 23, 2007. Doc. #1. Petitioner, who was 14 years old at the time of the offenses, alleges in his petition that the process by which his case was transferred to and charged in adult court violates substantive and procedural due process under the Fourteenth Amendment. Doc. #1 at 5. Petitioner further alleges that the process violates the constitutional right to equal protection and the separation of powers doctrine. Id. On July 16, 2007, Respondents filed an Answer to Petition for Writ of Habeas Corpus. Doc. #7. Despite being represented by counsel and being informed in the screening order of the opportunity to file a reply, Petitioner has not filed one.

The Presentence Investigation report summarized the facts of the case as follows:

> On February 7, 2002, Jeffrey Michael Charley and three of his juvenile friends were smoking marijuana and firing a .22 caliber rifle at bottles and birds in a vacant lot. When they observed two ice-cream vendors, the defendant stated he was going to "jack" them by shooting one and striking the other. One juvenile reportedly did not take the defendant seriously. However, when they observed another ice-cream vendor, the defendant grabbed the rifle and declared he was going to "jack this fool," because this vendor was alone. Suddenly, the defendant ran toward the vendor, who was partially obstructed by dust from all-terrain vehicles in the area. A short time later, the other juveniles became concerned and investigated. They discovered the body of forty-four year old Jose Miguel Casarez-Vasquez, who died from a single gunshot wound to his chest.
> On February 14, 2002, police arrested Jeffrey Charley, after an investigation. In an interview, the defendant reportedly decided to rob the victim for money. He did this despite his friends, whom he refused to identify, telling him both it was "a stupid thing to do" and that he would get caught. When Mr. Charley confronted the victim, he commanded, "Give me your fucking money." Mr. Casarez-Vasquez did not seem to understand and spoke something in Spanish. The victim grabbed the barrel of the rifle and a struggle ensued. The defendant, who had his finger on the trigger of the rifle, "flinched" when the rifle discharged. Mr. Charley did not think Mr. Casarez-Vasquez was shot, at first, and struck him in the face with the weapon. After the victim fell to the ground and appeared dead, the defendant bent down and took $50.00 from the victim's fanny pack. Mr. Charley ran from the scene, hiding the weapon and the money.

**DISCUSSION**

Respondents contend that Petitioner's challenge to the process by which Petitioner was transferred to and charged in adult court is barred by his guilty pleas to second degree murder and armed robbery. Respondents alternatively contend that the equal protection and separation of powers claims are procedurally defaulted and that all of the claims fail on the merits. Because the court agrees that Petitioner's claims are barred by his guilty pleas, the court need not reach the merits of the claims or whether certain claims are procedurally defaulted.

As a general rule, a guilty plea eliminates subsequent claims of constitutional violations that occurred before the plea. United States v. Montilla, 870 F.2d 549, 552 (9th Cir. 1989); Marrow v. United States, 772 F.2d 525, 527 (9th Cir. 1985). "It is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked." Mabry v. Johnson, 467 U.S. 504, 508 (1984). "[O]ne who voluntarily and intelligently pleads guilty to a criminal charge may not subsequently seek federal habeas corpus relief on the basis of pre-plea constitutional violations." Hudson v. Moran, 760 F.2d 1027, 1029-30 (9th Cir.), cert. denied, 474 U.S. 981 (1985). An unconditional guilty plea "cures all antecedent *constitutional* defects." United States v. Floyd, 108 F.3d 202, 204 (9th Cir.1997) (emphasis in original). "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea." Tollett v. Henderson, 411 U.S. 258, 267 (1973).

Here, Petitioner's indictment charged him with first degree murder and armed robbery. Doc. #7, Exh. A. With the assistance of counsel, Petitioner entered a plea agreement in which the first degree murder charge was reduced to second degree murder, thereby significantly reducing the possible prison term. Doc. #7, Exh. B. The plea agreement contained no conditions preserving Petitioner's right to challenge the procedure

1  by which he was transferred to adult court.  Id.  The transcript of the change of plea
2  proceeding shows that the guilty plea was knowingly, voluntarily and intelligently made and
3  Petitioner does not claim otherwise.  Doc. #7, Exh. C at 8.  By voluntarily and intelligently
4  pleading guilty to second degree murder and armed robbery, Petitioner has waived federal
5  habeas relief for any alleged constitutional violations that occurred before the plea.
6  Accordingly, Petitioner's claims alleging constitutional defects in the process by which he
7  was transferred to adult court are barred.

8  Respondents further argue that an exception to the general rule barring collateral
9  attack on a guilty plea does not apply here.  In United States v. Broce, 488 U.S. 563, 765
10 (1989), the Court explained that a pleading defendant does not waive a claim that the
11 government lacked the power to bring the indictment.  As Respondents argue, however,
12 Petitioner's claims do not challenge the State of Arizona's authority to charge him as an
13 adult.  Petitioner simply challenges the process by which the charges were brought in adult
14 court rather than juvenile court.  Moreover, Petitioner does not argue that this exception, or
15 any exception, applies to him.  By failing to file a reply, he has done nothing to refute
16 Respondents' argument that his guilty pleas foreclose the ability to obtain habeas relief.

17 For the foregoing reasons, the court finds that Petitioner's voluntary and intelligent
18 guilty pleas bar federal habeas relief on the claims presented.  Petitioner may not challenge
19 any alleged federal constitutional defects in the process by which he was transferred to or
20 charged in adult court. The court will therefore recommend that the petition be denied and
21 dismissed.

22 **IT IS THEREFORE RECOMMENDED:**

23 That the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. #1)
24 be **DENIED** and **DISMISSED WITH PREJUDICE**;

25 This recommendation is not an order that is immediately appealable to the Ninth
26 Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of
27 Appellate Procedure, should not be filed until entry of the district court's judgment.  The
28 parties shall have ten days from the date of service of a copy of this recommendation within

1. which to file specific written objections with the Court. <u>See</u>, 28 U.S.C. § 636(b)(1); Fed. R.
2. Civ. P. 6(a), 6(b) and 72.  Thereafter, the parties have ten days within which to file a
3. response to the objections.  Failure to timely file objections to the Magistrate Judge's Report
4. and Recommendation may result in the acceptance of the Report and Recommendation by
5. the district court without further review.  <u>See</u> <u>United States v. Reyna-Tapia</u>, 328 F.3d 1114,
6. 1121 (9th Cir. 2003).  Failure to timely file objections to any factual determinations of the
7. Magistrate Judge will be considered a waiver of a party's right to appellate review of the
8. findings of fact in an order of judgement entered pursuant to the Magistrate Judge's
9. recommendation.  <u>See</u> Fed. R. Civ. P. 72.

DATED this 3rd day of June, 2008.

_____
Edward C. Voss
United States Magistrate Judge